UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN THOMAS MADEWELL,<br><br>    Petitioner,<br><br>    v.<br><br>GARY A. SANDOR,<br><br>    Respondents. | 1:12-cv-00704 AWI MJS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 21] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Gary A. Sandor, as acting warden of California Institution for Men, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented in this action by Brian G. Smiley, Esq., of the Office of the Attorney General for the State of California.

I.   **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Mariposa, upon pleading guilty to numerous counts of sex offenses. (See Lodged Doc 1.) On January 22, 2004, Petitioner was sentenced to serve an determinate term of thirty-six years. (Id.) Petitioner did

not appeal the convictions.

Petitioner proceeded to file nine petitions for writ of habeas corpus in the California state courts starting on June 11, 2004.[1] (Lodged Doc. 2.)  Of significant note, Petitioner's eighth petition was denied on August 24, 2005. (Lodged Doc. 17.)  His ninth state petition was filed over six years later on November 16, 2011.[2] (Lodged Doc. 18.)

On March 28, 2012,[3] Petitioner filed the present federal habeas corpus petition. (Pet., ECF No. 1.) On October 19, 2012, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot., ECF No. 21.) Petitioner filed an opposition to the motion on November 9, 2012. (Opposition, ECF No. 27.) Respondent filed a reply on November 16, 2012. (Reply, ECF No. 30.)

## II.     DISCUSSION

### A.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

---

[1] In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions filed on the date Petitioner presumably handed his petition to prison authorities for mailing. See also Rule 3(d) of the Rules Governing Section 2254 Cases. Even though the petition was filed on June 14, 2004, the petition shall be considered filed on June 11, 2004, the date of mailing.

[2] While the petition was filed on November 21, 2011, it shall be considered filed on November 16, 2011, the date of mailing.

[3] While the petition was filed on April 4, 2012, it shall be considered filed on March 28, 2012, the date of mailing.


Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B.   Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on March 28, 2012, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, Petitioner did not appeal his January 22, 2004 sentence. Accordingly, his conviction became final 60 days later on March 22, 2004. Cal. Rules of Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The AEDPA statute of limitations began to run the following day, on March 23, 2004. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from March 23, 2004, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until March 28, 2012, over seven years after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

**C. Later Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(D)**

28 U.S.C. § 2244(d)(1)(D) states that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The objective standard in determining when time begins to run under Section 2244(d)(1)(D) is "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150 (9th Cir. 2001), (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)). "Section 2244(d)(1)(D) does not demand the maximum diligence possible, but only 'due' or 'reasonable' diligence." Souliotes v. Evans, 622 F.3d 1173, 1178 (9th Cir. 2010)

1  (reversed on other grounds) (citing Starns v. Andrews, 524 F.3d 612, 618-19 (5th Cir. 2008);
2  Wilson v. Beard, 426 F.3d 653, 660-62 (3d Cir. 2005); Moore v. Knight, 368 F.3d 936, 939-40
3  (7th Cir. 2004); Wims v. United States, 225 F.3d 186, 190 n.4 (2d Cir. 2000)); see also Holland
4  v. Florida, 130 S. Ct. 2549, 2565 (2010); Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010);
5  DiCenzi v. Rose, 452 F.3d 465, 470 (6th Cir. 2006).

6        Petitioner asserts in his opposition that he is entitled to tolling based on newly
7  discovered evidence. However, Petitioner fails to identify for the Court any evidence which he
8  contends is newly discovered. Instead he simply describes his substantive claims for relief.

9        Respondent asserts that Petitioner's claim of newly discovered evidence should fail
10 because Petitioner was aware of the factual predicate of his claims at the time he entered his
11 guilty pleas. (Reply at 3, ECF No. 29.) Respondent's argument is without merit. Assuming that
12 a petitioner is innocent, the fact that he aware of his innocence at trial does not serve to bar
13 claims based on newly discovered evidence. See Souliotes v. Evans, 622 F.3d 1173,
14 1178-1179 (9th Cir. Cal. 2010) (reversed on other grounds) ("The state's circular argument
15 points out the obvious--that an innocent defendant is aware of his innocence from the time he
16 is convicted--and it is not helpful."). At issue here is whether Petitioner can substantiate that
17 while acting with reasonable diligence, he recently became aware of evidence supporting his
18 substantive claims for relief.

19       Here Petitioner has not presented any new evidence, explained why he was unable to
20 discover such evidence earlier, or asserted that he sought the evidence with reasonable
21 diligence. Accordingly, Petitioner has failed to provide new evidence and provides no reason
22 why he could not have obtained new evidence. As Petitioner has not made a sufficient
23 showing that the factual predicate of the claims could not have been discovered earlier with
24 due diligence, Petitioner is not entitled to tolling of the commencement of the statute of
25 limitations under 28 U.S.C. § 2244(d)(1)(D).

26       **D. Tolling of the Statute of Limitations Period During State Court Appeals**
27       28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for
28 State post-conviction or other collateral review with respect to the pertinent judgment or claim

is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Here, the statute of limitations began to run on March 23, 2004. According to the state court records provided by Respondent, Petitioner filed eight petitions for collateral relief with the state court during the period from June 11, 2004 to September 6, 2005. Respondent asserts that the eight petitions were not properly filed and do not entitle Petitioner to tolling during that period. The Court need not address Respondent's concerns. Even assuming that Petitioner was entitled to tolling for his first eight state court petitions, he waited over six years to file his next state petition on November 16, 2011. At latest, the one year limitations period expired in 2006 well before his ninth state petition was filed in 2011. State petitions filed after the expiration of the statute of limitations period shall have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Accordingly, the limitations period began on March 23, 2004, and expired, at latest some time in 2006. The present petition was filed on March 28, 2012, over five years after the expiration of the year statute of limitations period. The instant federal petition is untimely.

**E. Equitable Tolling**

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62(2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner has not presented any evidence regarding equitable tolling. Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his petition remains untimely.

### III.    PETITIONER'S MOTION TO DISMISS

On November 5, 2012, Petitioner filed a motion to dismiss his case based on Respondent's failure to timely file a response as ordered by the Court. (ECF No. 22.) Petitioner's motion is without merit.

On August 21, 2012, the Court ordered Respondent to file a response within sixty (60) days of service of the order. On October 19, 2012, Respondent filed a motion to dismiss, and attached to the motion a proof of service showing that the motion was mailed to Petitioner. The motion to dismiss was filed before the sixty day deadline (the sixty day deadline ended on Saturday, October 20, 2012, so the deadline was extended to the next business day, in this case, Monday, October 22, 2012). As the motion to dismiss was timely filed, Petitioner's motion is without merit and it is recommended that it is denied.

### IV.    CONCLUSION

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner was not entitled to a later commencement of the statute of limitations period. While entitled to the benefit of statutory tolling, the petition remains untimely. Finally, Petitioner is not excused from timely filing due to equitable tolling. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED. The Court further recommends that Petitioner's motion to dismiss be DENIED.

### V.    RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be

GRANTED, and Petitioner's motion to dismiss be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 19, 2013                         /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE